**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.B., a minor, by and through his Guardian Ad Litem, DNIEPER VEGAVILLALOBOS;<br><br>Plaintiff,<br>v.<br><br>CITY OF PORTERVILLE, a municipal corporation; JAKE CASTELLOW, in his individual capacity as the Chief of Police of the Porterville Police Department; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.:<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. In the early evening of November 28, 2024—Thanksgiving Day—Plaintiff A.A.B., who then was 13 years old, was bicycling outside his home in Porterville, California. Plaintiff's home is located at the end of a dead-end street and he frequently bicycled in this area as a recreational activity.

2. As Plaintiff rode his bike, yet-to-be-identified Porterville Police Department Officers were on the same street, arresting an individual unknown to Plaintiff and with no known connection to Plaintiff, his family, or his home. Plaintiff did not interfere with the officers, nor interact with anyone involved in the arrest, police or otherwise. Unbeknownst to Plaintiff, for unknown reasons, one of the yet-to-be-identified Porterville Police Department Officers (hereinafter "Defendant Doe Officer") attempted to get Plaintiff's attention. Plaintiff was wearing noise-cancelling headphones and did not hear or see the Defendant Doe Officer attempting to get his attention.

3. Inexplicably, the Defendant Doe Officer elected to then attack Plaintiff, grabbing him off his bicycle and slamming him to the ground. Only after this vicious assault did Plaintiff learn the officer had been trying to get his attention. The Defendant Doe Officer then held Plaintiff down face-first on the sidewalk, with an elbow or knee in his back. Plaintiff began bleeding from his face, an injury caused by the Defendant Doe Officer.

4. As if this unprompted and unlawful use of force was not enough, the Defendant Doe Officer doubled down on his actions. He arrested Plaintiff without any lawful basis and detained him overnight in a juvenile facility, forcing Plaintiff to spend Thanksgiving night traumatized, alone, and separated from his loved ones. Plaintiff was released in the morning and no charges were ever brought against him.

5. Plaintiff has been deeply traumatized by this brazen attack. Since the incident, he has been seeing a therapist in order to treat the serious psychological injuries inflicted by the officer.

## JURISDICTION

6. This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in Porterville, California in Tulane County, which is within this judicial district.

## PARTIES

7. Plaintiff A.A.B. (hereinafter "Plaintiff") is a minor and brings this suit by and through his Guardian Ad Litem, DNIEPER VEGAVILLALOBOS. Plaintiff is a citizen of the United States of America and a California resident.

8. Plaintiff's Guardian Ad Litem DNIEPER VEGAVILLALOBOS is a close family friend of A.A.B. and his family. Mr. Vegavillalobos has been the pastor at Plaintiff's church since Plaintiff was a child.

9. Defendant CITY OF PORTERVILLE (hereinafter "Defendant CITY") is and at all times herein mentioned was a municipal entity duly organized and existing under the laws of the State of California that manages and operates the PORTERVILLE POLICE DEPARTMENT.

10. Defendant JAKE CASTELLOW (hereinafter "Defendant Castellow") is and at all times herein mentioned was the Chief of Police of the PORTERVILLE POLICE DEPARTMENT.

11. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictious names. Defendants DOES 1 through 50 are employees of Defendant CITY. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of

duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

12. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant CITY.

13. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. On January 16, 2025, Plaintiff submitted a timely government tort claim with Defendant CITY. Defendant CITY rejected Plaintiff's timely government tort claim on February 18, 2025.

**FACTUAL ALLEGATIONS**

16. On November 28, 2024, at approximately 7:00 p.m., Plaintiff, who was then 13 years old, was riding his bicycle outside of his home in Porterville, California while wearing his noise-cancelling headphones. Plaintiff was not causing any disturbance as he rode his bicycle at the end of the dead-end street in front of his home, a recreational activity he did frequently prior to this incident.

17. While Plaintiff was outside, a yet-to-be-identified Porterville Police Department Officer (hereinafter "Defendant Doe Officer") and his fellow officers were arresting an individual with no known connection to Plaintiff or his family nearby. Plaintiff did not interfere with this arrest

in any way or interact with the officers or the individual being arrested. Unbeknownst to Plaintiff and for unknown reasons, the Defendant Doe Officer began walking towards him and calling out to Plaintiff. Because Plaintiff was wearing noise-cancelling headphones, he did not hear the Defendant Doe Officer and continued riding his bicycle to go back inside his home.

18. The Defendant Doe Officer then charged Plaintiff and grabbed onto Plaintiff's bicycle. When Plaintiff did not immediately fall off his bicycle, the Defendant Doe Officer proceeded to aggressively grab Plaintiff's shoulder, placed his leg in front of Plaintiff, and thereafter slammed Plaintiff to the ground. As a result, Plaintiff began bleeding from his face and suffered abrasions to the right side of his face and on his hands.

19. The Defendant Doe Officer held Plaintiff in a prone position and placed his knee on Plaintiff's back to hold Plaintiff down on the sidewalk. Despite the fact that Plaintiff had committed no crimes and simply had been spending his Thanksgiving evening riding his bicycle outside of his family's home, the Defendant Doe Officer grabbed Plaintiff's hands and handcuffed them behind his back. During this interaction, Plaintiff never threatened, attempted to flee, nor did anything else that could suggest he was a threat to Defendant Doe Officer and/or any other person. Plaintiff was simply riding his bicycle with his headphones on, a harmless activity that any child should be able to do without fear of being attacked by police.

20. Three additional officers approached Plaintiff and, along with the Defendant Doe Officer, began questioning Plaintiff as to why he did not have any lights on his bicycle. Plaintiff feared for his life as the Defendant Doe Officer pinned him to the ground because he was concerned he would not be able to breathe. Only after Plaintiff repeatedly told the Defendant Doe Officer and his colleagues that he was only 13 years old did the Defendant Doe Officer take his knee off Plaintiff's back and pick him up off the sidewalk.

21. The Defendant Doe Officer then arrested Plaintiff and placed him inside his patrol car. Plaintiff was then unjustly detained at the Tulare County Juvenile Detention Center overnight, where at only 13 years old, he was forced to spend Thanksgiving evening alone and away from his family. The following morning, he was released from custody and all of his charges were dropped, suggesting that he was innocent.

22. Consequently, the 13-year-old Plaintiff suffered psychological damage and traumatization. On December 2, 2024, as a result of the incident, his family took him in for medical treatment because he was experiencing headaches, vomiting, and was scared to go outside of his home. He was referred to psychiatric treatment and since then has regularly attended therapy sessions with a licensed therapist to help cope with the emotional distress he has suffered.

23. Plaintiff continues to live with the damages that the Defendant Doe Officer cruelly inflicted upon him. He no longer regularly rides his bicycle out of fear of being attacked by police and is scared to go outside after dark.

### *Monell* Factual Allegations

24. In September 2019, Porterville Police Department law enforcement personnel arrested five children between the ages of 12 and 16 while riding their bicycles down Main Street. Witnesses saw a Porterville police officer throw a non-resisting child off his bicycle. An officer proceeded to pull his gun out and kneel on the child's back.[1] Other witnesses claimed that Porterville police officers tried to run riders over, bicyclists were tased, officers tackled bicyclists off their bicycles, and the injured bicyclists were denied medical attention.[2] The City of Porterville

---

[1] https://www.yourcentralvalley.com/news/local-news/bicycle-clash-teens-say-police-used-excessive-force-during-bike-ride-2/
[2] https://www.visaliatimesdelta.com/story/news/2019/09/18/police-have-run-large-group-bicyclists-5-teens-arrested/2363225001/

PLAINTIFF'S COMPLAINT FOR DAMAGES
A.A.B. V. CITY OF PORTERVILLE, et al.

expressly ratified the conduct of its officers, claiming that "no inappropriate use of force [was] used during these arrests", even though the children were merely suspected of minor traffic infractions.[3]

25. In the fall of 2020, Officer Anthony Luckey accepted a position as a patrol officer with the Porterville Police department and was repeatedly told he was doing a good job over the next several months. However, then-sergeant Bruce Sokoloff learned that Officer Luckey, a black police officer, was dating officer Ana Moreno, a white female officer. Sergeant Sokoloff used his position as a Porterville Police Department Sergeant to influence the Porterville Police Department administration to conduct a discriminatory campaign to create a pretext to fire Officer Luckey, which ultimately resulted in Officer Luckey's termination. Officer Moreno was similarly forced to resign. (*Luckey v. City of Porterville*, E.D. Cal. Case No. 1:23-cv-00551-BAM; *Moreno v. City of Porterville*, E.D. Cal. Case No. 1:23-cv-00541-BAM).

26. On October 14, 2021, Mark Bowers was sitting in his vehicle, parked near his driveway, when Porterville Police Department Officer Jarid Skiles confronted Mr. Bowers in response to a welfare check called in by Mr. Bowers's neighbors, who had a long history of harassing and intimidating Mr. Bowers. During the encounter, Mr. Bowers requested that Officer Skiles serve court documents on his neighbors, to which Officer Skiles refused and threw Mr. Bowers's paperwork back in Mr. Bowers's truck. Mr. Bowers exited his vehicle, and Officer Skiles immediately tackled him, pushing Mr. Bowers head-first onto the ground. Officer Skiles pressed his knee into Mr. Bowers's back, pulled his arms in an abnormal position, arrested him, and refused to loosen Mr. Bowers' overly-tightened handcuffs. (*Bowers v. Porterville*, E.D. Cal. Case No. 1:23-cv-01483-KES-SAB).

---

[3] *Id.*

27. On January 18, 2022, Rae Dean Strawn was attending a public city council meeting. Porterville Police Lieutenant Bruce Sokoloff approached Ms. Strawn and ordered her to pull her facemask over her nose. Ms. Strawn replied that she was wearing her mask in the exact same manner as Lieutenant Sokoloff, whose mask also left his nose exposed. Lieutenant Sokoloff immediately assaulted and battered Ms. Strawn, then placed her under arrest. Lieutenant Sokoloff refused to inform Ms. Strawn what law she had broken. As alleged, the Porterville Police Department did not investigate Lieutenant Sokoloff's use of force, nor discipline him. (*Strawn v. Sokoloff*, E.D. Cal. Case No. 1:22-cv-1245-AWI-EPG).

28. On information and belief, Lieutenant Sokoloff has been repeatedly promoted up through the ranks of the Porterville Police Department despite numerous troubling instances of misconduct as identified in ¶¶ 25 and 27 of this Complaint that violated Porterville Police Department policies. On information and belief, despite this misconduct, Lieutenant Sokoloff has never been disciplined and/or re-trained. On information and belief, this implicit or explicit ratification of Lieutenant Sokoloff's misconduct emboldened both himself and other officers to participate in on-duty misconduct without fear of meaningful consequences.

29. On January 27, 2022, Porterville Police Department Sergeants Nathan Bray, Erik Martinez, and Officer P. Medina believed that a potential suspect was inside the home of Celicia Chavez, despite having no evidence nor reasonable suspicion the suspect was located in her residence. The officers, who did not have a warrant, demanded entry into Ms. Chavez's home. When Ms. Chavez refused, the officers threatened to arrest her and call child protective services for her young children. The officers proceeded to illegally enter Ms. Chavez's backyard with a K9, threatened to release the K9 on Ms. Chavez, and surrounded her house with guns drawn. Ms. Chavez, attempting to retrieve shoes for one of her children, opened her back patio door with her nine-month-old baby in her arms when an officer ran toward her with his firearm pointed at Ms.

Chavez and her baby. Ms. Chavez attempted to retreat into her home, but the officers forced her door open, knocked Ms. Chavez and her baby to the ground, and forcefully dragged her along a concrete patio into a woodchip area. Ms. Chavez was arrested for "obstructing" the Officers' unlawful entry. (*Chavez v. City of Porterville*, E.D. Cal. Case No. 1:22-cv-00794-JLT-SKO).

## DAMAGES

30. As a direct and proximate result of each of the Defendant's use of excessive force against Plaintiff, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as United States Citizens.

31. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. Medical expenses;

   b. Pain and Suffering, including emotional distress;

   c. Violation of constitutional rights; and

   d. All damages, penalties, and attorney's fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

32. The conduct of Defendants DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

**THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK.**

# CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. § 1983)**
*(Plaintiff against Defendants DOES 1-50)*

33. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

34. When Defendants DOES 1-50 grabbed Plaintiff off his bicycle and threw him to the ground, Plaintiff had committed no crimes and was simply riding his bicycle in the dead end in front of his house. He was not interfering with the officers' nearby arrest of an unrelated individual. Defendants DOES 1-50 nonetheless elected to brutalize a 13-year-old child, an inexplicable and cruel action well outside the bounds of normal law enforcement action.

35. Defendants DOES 1-50's use of force was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

36. As a result of their conduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourth Amendment—False Detention/Arrest under 42 U.S.C. § 1983)**
(*Plaintiff against Defendants DOES 1-50*)

37. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

38. In order to justify their unlawful use of force and/or as retaliation as to some perceived slight, Defendants DOES 1-50 arrested Plaintiff without a reasonable suspicion that he had committed any crimes. Unsurprisingly, all charges against Plaintiff were dropped, but not before he was forced to spend Thanksgiving night in custody and away from his family.

39. Plaintiff had not committed any crimes and was simply bicycling outside his family's home with his headphones in. Therefore, Defendants DOES 1-50's detention and arrest of Plaintiff was an unlawful seizure that violated Plaintiff's constitutional rights under the Fourth Amendment.

WHEREFORE, Plaintiff prays for relief as herein set forth.

### THIRD CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (*Monell*)—42 U.S.C. § 1983)**
(*Plaintiff against Defendants CASTELLOW, CITY, and DOES 1-50)*

40. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

41. Plaintiff is informed and believes and thereon alleges that high-ranking CITY officials, including Defendants CASTELLOW and DOES 1-50, and/or each of them, knew and/or reasonably should have known that Porterville Police Department law enforcement officers exhibit a pattern and practice of engaging in unlawful uses of excessive force against civilians suspected of minor and/or non-existent crimes and who do not physically resist them and despite these incidents, none of the Porterville Police Department officers are found to be in violation of police department policy or disciplined or retrained, even under the most questionable of circumstances. Defendants CITY, CASTELLOW, and DOES 1-50's failures to discipline or retrain the law enforcement officers is evidence of an official policy of allowing unlawful uses of excessive force against civilians and ratification of their unconstitutional conduct. The resulting injuries to citizens are a proximate result of Defendants CITY, CASTELLOW, and DOES 1-50's failure to properly supervise Porterville Police Department employees.

42. Plaintiff is informed, believes, and therein alleges that the instances previously discussed in Paragraphs 24 – 29 of this lawsuit are examples of the Defendant CITY's pattern and

practice of engaging in unconstitutional uses of excessive force against civilians suspected of minor and/or non-existent crimes and who do not physically resist them.

43. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants CASTELLOW and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged, and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by Porterville Police Department employees.

44. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, recklessness, and/or conscious disregard of the misconduct by Defendants CITY, CASTELLOW, and DOES 1-50, and/or each of them, encouraged these Porterville Police Department employees to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

WHEREFORE, Plaintiff prays for relief as herein set forth.

## FOURTH CAUSE OF ACTION
**(Negligence)**
(*Plaintiff against Defendant CITY and DOES 1-50*)

45. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

46. At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

47. At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with reasonable care.

48. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. To refrain from employing excessive force;

   b. To refrain from falsely arresting Plaintiff;

  c. To refrain from abusing his/her/their authority granted him/her/them by law;

  d. To refuse form violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

49. Defendants DOES 1-50, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

50. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

51. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(Plaintiff against Defendants CITY and DOES 1-50)*

52. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

53. Plaintiff brings his "Bane Act" claim individually for direct violation of his own rights.

54. By their conduct described herein, Defendants DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

  a. Right to be free from excessive force;

  b. Right to be free from false arrest.

55. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

56. Defendant CITY is vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents.

57. As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//

### SIXTH CAUSE OF ACTION
**(Battery)**
*(Plaintiff against Defendants CITY and DOES 1-50)*

58. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

59. Defendants DOES 1-50, while working as police officers for the PORTERVILLE POLICE DEPARTMENT and acting within the course and scope of his duties, intentionally attacked and injured Plaintiff without a lawful basis.

60. As a result of Defendants DOES 1-50's use of excessive force, Plaintiff suffered physical and psychological injuries. Defendants DOES 1-50 did not have legal justification for using this level of force against Plaintiff and Defendants DOES 1-50's use of force while carrying out their law enforcement duties was an unreasonable use of force.

61. As a direct and proximate result of Defendants DOES 1-50's battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# JURY DEMAND

62. Plaintiff hereby demands a jury trial in this action

# PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendants DOES 1-50 in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); and as otherwise may be allowed by California and/or federal law;

5. Any and all permissible statutory damages;

6. For injunctive relief;

7. For the cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

Dated:  February 28, 25         POINTER & BUELNA, LLP
                                LAWYERS FOR THE PEOPLE

                                /s/ Ty Clarke
                                Ty Clarke
                                Attorney for PLAINTIFF