UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.B., *a minor, by and through his guardian ad litem, Dnieper Vegavillalobos*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTERVILLE, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00261-EPG<br><br>ORDER DIRECTING (1) CLERK OF COURT TO REVISE DOCKET AND (2) PLAINTIFF'S COUNSEL TO SUBMIT FILING REGARDING APPOINTMENT OF GUARDIAN AD LITEM<br><br>(ECF No. 1) |

The initial complaint filed on February 28, 2025, stated as follows: "Plaintiff A.A.B. (hereinafter "Plaintiff") is a minor and brings this suit by and through his Guardian Ad Litem, NIPER VEGA." (ECF No. 1, p. 3). Accordingly, the docket currently lists "Niper Vega" as the guardian ad litem for A.A.B.

However, later on February 28, 2025, Plaintiff filed an amended complaint, stating as follows: "Plaintiff A.A.B. (hereinafter "Plaintiff") is a minor and brings this suit by and through his Guardian Ad Litem, DNIEPER VEGAVILLALOBOS." (ECF No. 4, p. 3). Accordingly, the Court will direct the Clerk of Court to revise the docket to reflect "Dnieper Vegavillalobos" as the guardian ad litem for A.A.B.

Additionally, the Court notes that the Court's Local Rules provide as follows regarding cases where a minor is a plaintiff:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . . .
>
> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(a), (c).

A review of the docket reveals that Plaintiff's counsel has not provided all of the above information required by the Local Rules. *See* Fed. R. Civ. P. 17(c)(2) ("A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.").

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court shall revise the docket to reflect "Dnieper Vegavillalobos" as the guardian ad litem for A.A.B.

2. Plaintiff's counsel shall submit a filing regarding the appointment of a guardian ad litem as required by the Court's Local Rules by no later than March 10, 2025.

IT IS SO ORDERED.

Dated:   **March 3, 2025**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE