UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.B., *a minor, by and through his Guardian Ad Litem*, DNIEPER VEGAVILLALOBOS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTERVILLE, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00261-EPG<br><br>ORDER REQUIRING SUPPLEMENT IN SUPPORT OF MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 7) |

This is a civil rights action filed under 42 U.S.C. § 1983. Now before the Court is the motion to appoint Dnieper Vegavillalobos as the guardian ad litem for the minor Plaintiff A.A.B. (ECF No. 7). For the following reasons, the Court will require a supplemental filing.

**I.    SUMMARY OF THE MOTION**

The motion, which is supported by Vegavillalobos's declaration, states in part as follows regarding Vegavillalobos: (1) He "is the pastor for and family friend of Plaintiff" and they "have known each other for years"; (2) He "is fully competent to understand and protect the rights of the Plaintiff, and is willing to serve as the Plaintiff's guardian ad litem"; and (3) He "is truly dedicated to protecting Plaintiff's best interests and will faithfully adhere to his obligation to act in the best interests of Plaintiff should he be appointed Plaintiff's guardian ad litem."

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . . .
>
> (c) **Disclosure of Attorney's Interest.** When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202(a), (c).

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 9th Cir. 1986).

## III. DISCUSSION

Plaintiff lacks the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601); Cal. Civ. Proc. Code § 372 ("When a minor, a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each

case."); Fed. R. Civ. P. 17(b) (noting that capacity to sue for an individual who is not acting in representative capacity is determined by the law of the individual's domicile).

Therefore, appointment of a guardian ad litem is necessary and appropriate in this case. Also, there does not appear to be any conflict of interest between Plaintiff and Vegavillalobos. Additionally, there is nothing to indicate that he would not act in Plaintiff's best interests.

However, counsel has not made the required disclosure of attorney interests required by Local Rule 202(c). Accordingly, the Court will require a supplement on this issue before ruling on the motion to appoint guardian ad litem.

### IV.  CONCLUSION AND ORDER

For the above reasons, IT IS ORDERED that, by no later than March 17, 2025, Plaintiff's counsel shall file a supplement in support of the motion to appoint guardian ad litem, fully disclosing the attorney interests listed under Local Rule 202(c).

IT IS SO ORDERED.

Dated:  **March 10, 2025**           /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

3