UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.B., *a minor, by and through his Guardian Ad Litem*, DNIEPER VEGAVILLALOBOS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTERVILLE, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00261-EPG<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 7) |

This is a civil rights action filed under 42 U.S.C. § 1983. Now before the Court is the motion to appoint Dnieper Vegavillalobos as the guardian ad litem for the minor Plaintiff A.A.B. (ECF No. 7). For the following reasons, the Court will grant the motion.

**I.     SUMMARY OF THE MOTION**

The motion, which is supported by Vegavillalobos's declaration, states in part as follows regarding Vegavillalobos: (1) He "is the pastor for and family friend of Plaintiff" and they "have known each other for years"; (2) He "is fully competent to understand and protect the rights of the Plaintiff, and is willing to serve as the Plaintiff's guardian ad litem"; and (3) He "is truly dedicated to protecting Plaintiff's best interests and will faithfully adhere to his obligation to act in the best interests of Plaintiff should he be appointed Plaintiff's guardian ad litem."

1

Additionally, Plaintiff's counsel—Ty Clarke—has filed a declaration, stating in part as follows as to counsel and counsel's office: (1) "Our office has been retained by Plaintiff A.A.B.'s mother and father to represent Plaintiff A.A.B."; (2) "Pointer & Buelna, LLP – Lawyers for the People became involved in this case when Plaintiff A.A.B.'s parents contacted our office via telephone to seek representation for Plaintiff A.A.B."; (3) counsel has no known relation to the Defendants; and (4) "Pointer & Buelna, LLP – Lawyers for the People has been retained by Plaintiff A.A.B.'s parents to represent Plaintiff A.A.B. on a contingency basis. Our office has not received any compensation for this representation." (ECF No. 9)

Counsel has provided a copy of the retainer agreement in this case, which provides for a 25% contingency fee upon the signing of the agreement and 33% if the case is settled within 90 days of the pretrial conference and/or anytime afterwards.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
>     . . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202(a), (c).

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143

F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 9th Cir. 1986).

### III. DISCUSSION

Plaintiff lacks the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601); Cal. Civ. Proc. Code § 372 ("When a minor, a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case."); Fed. R. Civ. P. 17(b) (noting that capacity to sue for an individual who is not acting in representative capacity is determined by the law of the individual's domicile).

Therefore, appointment of a guardian ad litem is necessary and appropriate in this case. Also, there does not appear to be any conflict of interest between Plaintiff and Vegavillalobos. Additionally, there is nothing to indicate that he would not act in Plaintiff's best interests.

Lastly, the Court concludes that attorney Ty Clarke has provided a sufficient disclosure of attorney's interest as required by Local Rule 202(c).

### IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. The motion to appoint a guardian ad litem (ECF No. 7) is granted.
2. Dnieper Vegavillalobos is appointed as the guardian ad litem for Plaintiff A.A.B.

\\\
\\\
\\\
\\\
\\\
\\\

3. Should there be a settlement of any claim brought on behalf of Plaintiff, counsel is directed to seek court approval as required by Local Rule 202(b). Further, counsel must ensure that all of Local Rule 202's requirements are followed.

IT IS SO ORDERED.

Dated:  **March 11, 2025**            /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE