UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.B., *a minor, by and through his guardian ad litem, Dnieper Vegavillalobos*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTERVILLE, et al.,<br><br>Defendants. | Case No. 1:25-cv-00261-EPG<br><br>ORDER APPROVING, IN PART, PROPOSED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 16) |

This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 16). Upon review, the Court will approve, in part, the proposed protective order.

The Court finds the proposed protective order acceptable in most respects. However, the parties define confidential information to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 16, p. 1). Such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

However, the parties elsewhere identify "types of information they believe to be eligible for protection," which include the following:

1

- Medical records of the minor Plaintiff A.A.B.;
- Personal information of parties in this litigation or third parties, including but not limited to social security numbers, home addresses, phone numbers, and financial records;
- Information that reveals the identity—including the name and/or image—of the minor Plaintiff A.A.B. or otherwise invades his anonymity in this litigation[;]
- Personnel records of law enforcement officers;
- Reports pertaining to third parties not involved in this litigation; and
- Internal affairs/professional standards investigations.

(ECF No. 16, pp. 1-2).

The Court will limit the parties' definition of confidential information to such information.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that any part of the protective order conflicts with the Court's established practices or Rules, the Court's established practices or Rules will govern.

Accordingly, IT IS ORDERED that the parties' proposed stipulated protective order (ECF No. 16) is approved, in part, as explained above.

IT IS SO ORDERED.

Dated:   **April 23, 2025**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

2