The Honorable Erica P. Grosjean
Robert E. Coyle United States Courthouse
2500 Tulare St.
Courtroom 10, 6th floor
Fresno, CA 93721


      Re:    *A.A.B v. City of Porterville, et al.*
            United States District Court – Fresno, 1:25-cv-00261-KES-EPG

Dear Magistrate Judge Erica P. Grosjean,

Plaintiff hereby submits this discovery letter pursuant to this Court's order on June 23, 2025. ECF No. 27. The Parties met and conferred extensively and attempted resolution, but remain at an impasse.

## I.    Statement of Unresolved Issue

The Parties dispute whether the depositions of Corporal Joshua Roman and Sergeant Robert Richardson—two Porterville Police Department officers that used force on Plaintiff—should be conducted in-person or remotely. Plaintiff seeks to conduct these depositions in-person in Porterville. Defendants wish for Plaintiff to conduct the depositions remotely.

On June 2, 2025, Plaintiff's Counsel emailed Defendants' Counsel to schedule the in-person depositions of the two Defendant Officers. (**Exhibit 1—7/2/25 Email**). On June 3, 2025, Defendants' Counsel indicated that they would not agree to in-person depositions and wished to address it at the upcoming Scheduling Conference. (**Exhibit 2—7/3/25 Email**). On June 10, 2025, Counsel for the Parties briefly discussed this issue with the Court during the Scheduling Conference. Following this discussion, on June 10, 2025, Plaintiff's Counsel emailed Defendant's Counsel offering to take the depositions in Porterville. (**Exhibit 3—7/10/25 Email**). On June 13, 2025, Plaintiff's Counsel sent a follow-up email about the depositions, indicating that Plaintiff wished to take the in-person depositions of Defendants Roman and Richardson. **(Exhibit 4—7/13/25 Email)**. On June 17, 2025, Defendants' Counsel expressed their position that in-person depositions will unnecessarily increase costs and fees and indicated that the Parties needed an informal discovery conference. **(Exhibit 5—7/17/25 Email).**

Plaintiff notes that, based on the initial documents disclosed by the Defendant City, it appeared that, in addition to Defendant Roman, Ofc. Jorge Aguirre appeared to be the second officer that used force in the subject incident. Additional documents disclosed by the Defendant City on June 11, 2025, revealed that, in addition to Defendant Roman, Sgt. Richardson, not Ofc. Aguirre, was the second officer to use force. Plaintiff's Counsel then informed Defendants' Counsel that Plaintiff intended to depose Sgt. Richardson and Defendant Roman in-person and did not need to depose Ofc. Aguirre in-person. (**Exhibit 4**).

## II.    Plaintiffs' Position Statement

This case arises from an incident on November 28, 2024, when Plaintiff, a 13-year-old

child, was shoved off his bicycle, thrown down, and pinned to the ground by Porterville Police Corporal Joshua Roman and Sergeant Robert Richardson.  Plaintiff was then handcuffed, arrested, and detained overnight on Thanksgiving before being released and having all charges against him dropped.  Corporal Roman's and Sergeant Richardson's uses of force and subsequent arrest—and their credibility regarding their claimed reasons for said uses of force and arrest—are central to the civil rights claims asserted.

Under the Federal Rules of Civil Procedure, depositions are to be done in-person and "other remote means" require a stipulation or court order. F.R.C.P. 30(b)(4).

In-person depositions are crucial to this case particularly and excessive force cases generally because demeanor, body language, and credibility assessments are often key to resolving fact disputes.  Multiple courts have recognized this.  In *Pachote v. Contra Costa County*, No. 3:21-cv-04097-SK, the court ordered an in-person deposition over defense objections. ECF No. 55.  Similarly, in *Rubio v. City of Visalia*, No. 1:21-cv-00286-DAD-SAB, 2022 WL 193072 (E.D. Cal. Jan. 21, 2022), the court rejected a request for remote depositions despite medical concerns, reasoning that in-person testimony was essential to evaluate veracity and presentation at trial of **non-party witnesses**. *Id.* at *2.  The *Rubio* Court ordered this because "[i]n-person depositions are crucial to assessing a witness's potential presentation at trial, veracity, and credibility." *Id.*

Courts have continued to affirm the critical role of live observation in discovery. See *Richardson v. Grey*, 2025 WL 843768, at *2 (D. Idaho Mar. 18, 2025) ("Courts have consistently recognized the importance of in-person testimony, particularly in cases involving subjective or emotional testimony"); see also *Buergofol GmbH v. Omega Liner Co., Inc.*, 2024 WL 4290795 (D.S.D. Sept. 25, 2024) (remote depositions "preclude ... the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions") (cleaned up); *United States v. Int'l Bus. Machs. Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981) (in-person depositions allow counsel to assess witness demeanor and non-verbal cues).

Plaintiff has a well-recognized right to take depositions in-person.  This is crucial to determining the veracity and credibility of the two officers accused of wrongfully arresting and using excessive force against Plaintiff in violation of the Fourth Amendment, which is a famously fact-specific inquiry. *See, e.g., Smith v. City of Hemet,* 394 689, 701 (9th Cir. 2005) (noting that the excessive force inquiry "nearly always requires a jury to shift through disputed factual contentions").  Even still, in the spirit of compromise, Plaintiff is not seeking to take all depositions in-person—only those of the two officers whose actions are at the core of this case.  Plaintiff is aware of no case law holding that cost alone outweighs a party's right to obtain full, in-person discovery from a party-deponent whose conduct is central to the claims at issue.

In recognition of the Defendants' asserted concerns regarding costs and travel burdens, Plaintiff has offered to take **all other depositions,** other than the Roman's and Richardson's, remotely.  Plaintiff's Counsel has offered to minimize travel burdens to Defendants by holding the depositions in Porterville.  Plaintiff's Counsel has also offered to hold the depositions on the same day or on two consecutive days to minimize the travel and time burdens on Defendants' Counsel.

### III. Plaintiff's Proposed Compromise

Plaintiff proposes to further minimize any burden by offering to conduct both depositions at a location most convenient for the Defendant Officers and their Counsel—either in Porterville, where they are based, or in nearby Fresno. Plaintiff remains willing to accommodate scheduling preferences to reduce disruption to the officers' work schedules and to take both depositions on the same date in order to limit the travel and time burden on Defendants' Counsel.

Sincerely,

By: /s/ Ty Clarke
Ty Clarke
Attorney for Plaintiff