**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.B., a minor, by and through his Guardian Ad Litem, DNIEPER VEGAVILLALOBOS;<br><br>Plaintiff,<br>v.<br><br>CITY OF PORTERVILLE, a municipal corporation; JOSHUA ROMAN, in his individual capacity as a corporal for the Porterville Police Department; ROBERT RICHARDSON, in his individual capacity as a sergeant for the Porterville Police Department; JAKE CASTELLOW, in his individual capacity as the Chief of Police of the Porterville Police Department; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 1:25-cv-00261-KES-EPG<br><br>THIRD AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br>JURY TRIAL DEMANDED |

**THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK.**

## INTRODUCTION

1. In the early evening of November 28, 2024—Thanksgiving Day—Plaintiff A.A.B., who then was 13 years old, was bicycling outside his home in Porterville, California. Plaintiff's home is located at the end of a dead-end street and he frequently bicycled in this area as a recreational activity.

2. As Plaintiff rode his bike, Defendant Porterville Police Department Corporal Joshua Roman and Sergeant Robert Richardson were on the same street, detaining an individual unknown to Plaintiff and with no known connection to Plaintiff, his family, or his home. Plaintiff did not interfere with the officers, nor interact with anyone involved in the arrest, police or otherwise. Unbeknownst to Plaintiff, Defendant Roman attempted to get Plaintiff's attention because he believed that Plaintiff was recording them. Plaintiff was wearing noise-cancelling headphones and did not hear or see Defendant Roman attempting to get his attention.

3. Inexplicably, Defendant Roman then elected to charge Plaintiff, pushing him off his bicycle and slamming him to the ground face-first. Defendant Richardson then used both hands to shove Plaintiff's head into the ground while he and Defendant Roman both had knees on Plaintiff's back. When Plaintiff told the Defendant Officers he could not breathe, Defendant Roman told the 13-year-old, "I don't care."

4. As if this unprompted and unlawful use of force was not enough, the Defendant Officers doubled down on their actions. Defendants Roman and Richardson arrested Plaintiff without any lawful basis and detained him overnight in a juvenile facility, forcing Plaintiff to spend Thanksgiving night traumatized, alone, and separated from his loved ones. Plaintiff was released in the morning and no charges were ever brought against him.

5. Plaintiff has been deeply traumatized by this brazen attack. He has been diagnosed with post-traumatic stress disorder and will require ongoing medical care for the foreseeable future.

## JURISDICTION

6. This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in Porterville, California in Tulane County, which is within this judicial district.

## PARTIES

7. Plaintiff A.A.B. (hereinafter "Plaintiff") is a minor and brings this suit by and through his Guardian Ad Litem, DNIEPER VEGAVILLALOBOS. Plaintiff is a citizen of the United States of America and a California resident.

8. Plaintiff's Guardian Ad Litem DNIEPER VEGAVILLALOBOS is a close family friend of A.A.B. and his family. Mr. Vegavillalobos has been the pastor at Plaintiff's church since Plaintiff was a child.

9. Defendant CITY OF PORTERVILLE (hereinafter "Defendant CITY") is and at all times herein mentioned was a municipal entity duly organized and existing under the laws of the State of California that manages and operates the PORTERVILLE POLICE DEPARTMENT.

10. Defendant JOSHUA ROMAN (hereinafter "Defendant Roman") is and at all times herein mentioned was a corporal for the PORTERVILLE POLICE DEPARTMENT.

11. Defendant ROBERT RICHARDSON (hereinafter "Defendant Richardson") is and at all times herein mentioned was a sergeant for the PORTERVILLE POLICE DEPARTMENT.

12. Defendant JAKE CASTELLOW (hereinafter "Defendant Castellow") is and at all times herein mentioned was the Chief of Police of the PORTERVILLE POLICE DEPARTMENT.

13. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictious names. Defendants DOES 1 through 50 are employees of Defendant CITY. Plaintiff will amend this

complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

14. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant CITY.

15. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

16. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

17. On January 16, 2025, Plaintiff submitted a timely government tort claim with Defendant CITY. Defendant CITY rejected Plaintiff's timely government tort claim on February 18, 2025.

## FACTUAL ALLEGATIONS

18. On November 28, 2024, at approximately 7:00 p.m., Plaintiff, who was then 13 years old, was riding his bicycle outside of his home in Porterville, California while wearing his noise-cancelling headphones. Plaintiff was not causing any disturbance as he rode his bicycle at the end of

the dead-end street in front of his home, a recreational activity he did frequently prior to this incident.

19. While Plaintiff was outside, Defendant Porterville Police Department Corporal Joshua Roman contacted a nearby individual with no connection to Plaintiff or his family for allegedly starting fire in a vacant lot approximately 100-200 feet from Plaintiff's home. Plaintiff did not interfere with this arrest in any way or interact with Defendant Roman or the individual being arrested. Shortly thereafter, Defendant Porterville Police Department Sergeant Robert Richardson arrived at the scene and joined Defendant Roman's detention of the individual who had allegedly started the fire.

20. Plaintiff continued biking in front of his home with his headphones in while Defendants Roman and Richardson, along with fellow Officer Jorge Aguirre, continued their detention of the individual who allegedly started the fire. Plaintiff never interfered with the detention and maintained a significant distance from the officers and their vehicles.

21. Nevertheless, Defendant Roman began fixating on Plaintiff, despite the fact that the fire was ongoing. He began yelling "hey kid" at Plaintiff, suggesting that he knew Plaintiff was a minor. Plaintiff was wearing his noise-cancelling headphones and did not hear Defendant Roman. More importantly, Defendant Roman had not witnessed Plaintiff commit any criminal violations and thus had no reasonable basis to detain Plaintiff.

22. Defendant Roman then commented to Defendant Richardson that Plaintiff was "recording and all of that". It is unclear why Defendant Roman would be concerned about Plaintiff recording him even if it were true, given that civilians have a well-publicized right to film police actions in public spaces.[1]

---

[1] https://www.aclu.org/issues/free-speech/photographers-rights/filming-and-photographing-police

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES
A.A.B. V. CITY OF PORTERVILLE, et al.

23. Unbeknownst to Plaintiff and for unknown reasons, Defendant Roman began walking towards him and calling out to Plaintiff. Because Plaintiff was wearing noise-cancelling headphones, he did not hear Defendant Roman and continued riding his bicycle to go back inside his home.

24. Defendant Roman then charged Plaintiff and shoved him off his bicycle. When Plaintiff did not immediately fall to the ground, Defendant Roman then slammed Plaintiff to the ground face-first.

25. Defendant Roman then used his knee to pin Plaintiff to the ground while Plaintiff laid face down. Defendant Richardson quickly joined in, using both hands to shove Plaintiff's head into the ground while placing a knee on his upper back, despite the fact that Plaintiff was not resisting. Plaintiff then told the Defendant Officers that he could not breathe. Defendant Roman responded to the 13-year-old, **"I don't care."**

26. Defendant Roman then handcuffed Plaintiff. Even after Defendant Roman had handcuffed Plaintiff, Defendant Richardsoncruelly kept his knee on Plaintiff's back. Eventually, the Defendant Officers picked Plaintiff up off the ground. On Defendant Roman's body-worn camera recording, Plaintiff's headphones are clearly visible on the ground in virtually the exact spot to which Defendant Roman had thrown him on the ground.



27. During this interaction, Plaintiff never threatened the Defendant Officers, attempted to flee, nor did anything else that could suggest he was a threat to Defendant Officers and/or any

other person. Plaintiff was simply riding his bicycle with his headphones on, a harmless activity that any child should be able to do without fear of being attacked by police.

28. After handcuffing Plaintiff, Defendant Roman angrily walked Plaintiff to the police vehicle while chastising him. He told Plaintiff that he was "going into custody for a 148", a common term for resisting arrest. When Plaintiff asked Defendant Roman why he was being arrested, Defendant Roman stated, "because I wanted to talk to you." At a different point, Defendant Roman told him, "you go on recording" in apparent reference to his basis for his use of force against and arrest of Plaintiff.

29. Defendant Roman then arrested Plaintiff and placed him inside his patrol car. Defendant Roman then muted his body-worn camera for nearly ten minutes while he appeared to discuss the incident with other officers and a civilian ride along.

30. Despite knowing that Plaintiff's parents were outside their home, speaking with police, and available to receive Plaintiff into their custody, Defendant Roman elected not to simply cite and release Plaintiff. Instead, Defendant Roman chose to send Plaintiff to jail overnight on a false charge of resisting arrest. On information and belief, Defendant Roman made this decision to jail a 13-year-old child on Thanksgiving night in an attempt to justify his unlawful use of force and to punish Plaintiff.

31. Plaintiff was then transported to Sierra View Medical Center for medical clearance. On information and belief, Officer Aguirre transported Plaintiff to Sierra View Medical Center. There, Plaintiff received medical care for the injuries that the Defendant Officers inflicted upon him.

32. Plaintiff was then unjustly detained at the Tulare County Juvenile Detention Center overnight, where at only 13 years old, he was forced to spend Thanksgiving evening alone and

away from his family. The following morning, he was released from custody and all his charges were dropped, suggesting that he was innocent.

33. In his report on this incident, Defendant Roman appeared to have attempted to completely change his reasons for contacting Plaintiff. In his report, Defendant Roman claims that he detained Plaintiff because Plaintiff did not have a light on his bicycle and was not riding it "in a safe and prudent matter." In his report, Defendant Roman makes **absolutely no mention** of his belief that Plaintiff was recording him despite mentioning it both to other officers before his attack on Plaintiff and to Plaintiff when explaining the detention immediately after his use of force. Notably, Defendant Roman **never once** commented on Plaintiff's lack of a bicycle light on his body-worn camera recording from the night of the incident.

34. Consequently, the 13-year-old Plaintiff suffered psychological damage and traumatization. As a result of the incident, on December 2, 2024, Plaintiff's family took him in for medical treatment because he was experiencing headaches, vomiting, and was scared to go outside of his home. He was referred to psychiatric treatment and since then has regularly attended therapy sessions with a licensed therapist to help cope with the emotional distress he has suffered. Plaintiff has been diagnosed with post-traumatic stress disorder.

35. Plaintiff continues to live with the damages that the Defendant Officers cruelly inflicted upon him. Plaintiff continues to suffer ongoing symptoms of post-traumatic stress disorder, including social withdrawal, anxiety, bouts of crying, and weight loss. He no longer rides his bike—an activity that was once his primary source of recreation and engagement with friends—because of what the Defendant Officers did to him.

### *Monell* Factual Allegations

36. In September 2019, Porterville Police Department law enforcement personnel arrested five children between the ages of 12 and 16 while riding their bicycles down Main Street.

Witnesses saw a Porterville police officer throw a non-resisting child off his bicycle. An officer proceeded to pull his gun out and kneel on the child's back.[2] Other witnesses claimed that Porterville police officers tried to run riders over, bicyclists were tased, officers tackled bicyclists off their bicycles, and the injured bicyclists were denied medical attention.[3] The City of Porterville expressly ratified the conduct of its officers, claiming that "no inappropriate use of force [was] used during these arrests", even though the children were merely suspected of minor traffic infractions.[4]

37. In the fall of 2020, Officer Anthony Luckey accepted a position as a patrol officer with the Porterville Police department and was repeatedly told he was doing a good job over the next several months. However, then-sergeant Bruce Sokoloff learned that Officer Luckey, a black police officer, was dating officer Ana Moreno, a white female officer. Sergeant Sokoloff used his position as a Porterville Police Department Sergeant to influence the Porterville Police Department administration to conduct a discriminatory campaign to create a pretext to fire Officer Luckey, which ultimately resulted in Officer Luckey's termination. Officer Moreno was similarly forced to resign. (*Luckey v. City of Porterville*, E.D. Cal. Case No. 1:23-cv-00551-BAM; *Moreno v. City of Porterville*, E.D. Cal. Case No. 1:23-cv-00541-BAM).

38. On October 14, 2021, Mark Bowers was sitting in his vehicle, parked near his driveway, when Porterville Police Department Officer Jarid Skiles confronted Mr. Bowers in response to a welfare check called in by Mr. Bowers's neighbors, who had a long history of harassing and intimidating Mr. Bowers. During the encounter, Mr. Bowers requested that Officer Skiles serve court documents on his neighbors, to which Officer Skiles refused and threw Mr. Bowers's paperwork back in Mr. Bowers's truck. Mr. Bowers exited his vehicle, and Officer Skiles

---

[2] https://www.yourcentralvalley.com/news/local-news/bicycle-clash-teens-say-police-used-excessive-force-during-bike-ride-2/
[3] https://www.visaliatimesdelta.com/story/news/2019/09/18/police-have-run-large-group-bicyclists-5-teens-arrested/2363225001/
[4] *Id.*

immediately tackled him, pushing Mr. Bowers head-first onto the ground. Officer Skiles pressed his knee into Mr. Bowers's back, pulled his arms in an abnormal position, arrested him, and refused to loosen Mr. Bowers' overly-tightened handcuffs. (*Bowers v. Porterville*, E.D. Cal. Case No. 1:23-cv-01483-KES-SAB).

39. On January 18, 2022, Rae Dean Strawn was attending a public city council meeting. Porterville Police Lieutenant Bruce Sokoloff approached Ms. Strawn and ordered her to pull her facemask over her nose. Ms. Strawn replied that she was wearing her mask in the exact same manner as Lieutenant Sokoloff, whose mask also left his nose exposed. Lieutenant Sokoloff immediately assaulted and battered Ms. Strawn, then placed her under arrest. Lieutenant Sokoloff refused to inform Ms. Strawn what law she had broken. As alleged, the Porterville Police Department did not investigate Lieutenant Sokoloff's use of force, nor discipline him. (*Strawn v. Sokoloff*, E.D. Cal. Case No. 1:22-cv-1245-AWI-EPG).

40. On information and belief, Lieutenant Sokoloff has been repeatedly promoted up through the ranks of the Porterville Police Department despite numerous troubling instances of misconduct as identified in ¶¶ 25 and 27 of this Complaint that violated Porterville Police Department policies. On information and belief, despite this misconduct, Lieutenant Sokoloff has never been disciplined and/or re-trained. On information and belief, this implicit or explicit ratification of Lieutenant Sokoloff's misconduct emboldened both himself and other officers to participate in on-duty misconduct without fear of meaningful consequences.

41. On January 27, 2022, Porterville Police Department Sergeants Nathan Bray, Erik Martinez, and Officer P. Medina believed that a potential suspect was inside the home of Celicia Chavez, despite having no evidence nor reasonable suspicion the suspect was located in her residence. The officers, who did not have a warrant, demanded entry into Ms. Chavez's home. When Ms. Chavez refused, the officers threatened to arrest her and call child protective services for

her young children. The officers proceeded to illegally enter Ms. Chavez's backyard with a K9, threatened to release the K9 on Ms. Chavez, and surrounded her house with guns drawn. Ms. Chavez, attempting to retrieve shoes for one of her children, opened her back patio door with her nine-month-old baby in her arms when an officer ran toward her with his firearm pointed at Ms. Chavez and her baby. Ms. Chavez attempted to retreat into her home, but the officers forced her door open, knocked Ms. Chavez and her baby to the ground, and forcefully dragged her along a concrete patio into a woodchip area. Ms. Chavez was arrested for "obstructing" the Officers' unlawful entry. (*Chavez v. City of Porterville*, E.D. Cal. Case No. 1:22-cv-00794-JLT-SKO).

## DAMAGES

42. As a direct and proximate result of each of the Defendant's use of excessive force against Plaintiff, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as United States Citizens.

43. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. Medical expenses;

   b. Pain and Suffering, including emotional distress;

   c. Violation of constitutional rights; and

   d. All damages, penalties, and attorney's fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

44. The conduct of Defendants DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Fourth Amendment—Excessive Force under 42 U.S.C. § 1983)
*(Plaintiff against Defendants ROMAN and RICHARDSON)*

45. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

46. When Defendant Roman shoved Plaintiff off his bicycle and then threw him to the ground, Plaintiff had committed no crimes and was simply riding his bicycle in the dead end in front of his house. He was not interfering with the officers' nearby arrest of an unrelated individual. Defendants ROMAN and RICHARDSON nonetheless elected to brutalize a 13-year-old child, an inexplicable and cruel action well outside the bounds of normal law enforcement action.

47. Defendants ROMAN and RICHARDSON's use of force was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

48. As a result of their conduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Fourth Amendment—False Detention/Arrest under 42 U.S.C. § 1983)
*(Plaintiff against Defendants ROMAN and RICHARDSON)*

49. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

50. In order to justify their unlawful use of force and/or as retaliation as to some perceived slight, Defendants ROMAN and RICHARDSON arrested Plaintiff without a reasonable suspicion that he had committed any crimes. Unsurprisingly, all charges against Plaintiff were

dropped, but not before he was forced to spend Thanksgiving night in custody and away from his family.

51. Plaintiff had not committed any crimes and was simply bicycling outside his family's home with his headphones in. Therefore, Defendants ROMAN and RICHARDSON's detention and arrest of Plaintiff was an unlawful seizure that violated Plaintiff's constitutional rights under the Fourth Amendment.

WHEREFORE, Plaintiff prays for relief as herein set forth.

### THIRD CAUSE OF ACTION
(Municipal Liability for Unconstitutional Custom or Policy (*Monell*)—42 U.S.C. § 1983)
(*Plaintiff against Defendants CASTELLOW, CITY, and DOES 1-50*)

52. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

53. Plaintiff is informed and believes and thereon alleges that high-ranking CITY officials, including Defendants CASTELLOW and DOES 1-50, and/or each of them, knew and/or reasonably should have known that Porterville Police Department law enforcement officers exhibit a pattern and practice of engaging in unlawful uses of excessive force against civilians suspected of minor and/or non-existent crimes and who do not physically resist them and despite these incidents, none of the Porterville Police Department officers are found to be in violation of police department policy or disciplined or retrained, even under the most questionable of circumstances. Defendants CITY, CASTELLOW, and DOES 1-50's failures to discipline or retrain the law enforcement officers is evidence of an official policy of allowing unlawful uses of excessive force against civilians and ratification of their unconstitutional conduct. The resulting injuries to citizens are a proximate result of Defendants CITY, CASTELLOW, and DOES 1-50's failure to properly supervise Porterville Police Department employees.

54. Plaintiff is informed, believes, and therein alleges that the instances previously discussed in Paragraphs 36 – 41 of this lawsuit are examples of the Defendant CITY's pattern and practice of engaging in unconstitutional uses of excessive force against civilians suspected of minor and/or non-existent crimes and who do not physically resist them.

55. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants CITY, CASTELLOW and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged, and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by Porterville Police Department employees.

56. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, recklessness, and/or conscious disregard of the misconduct by Defendants CITY, CASTELLOW, and DOES 1-50, and/or each of them, encouraged these Porterville Police Department employees to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

WHEREFORE, Plaintiff prays for relief as herein set forth.

## FOURTH CAUSE OF ACTION
### (First Amendment—Retaliatory Arrest & Force under 42 U.S.C. § 1983)
*(Plaintiff against Defendants ROMAN and RICHARDSON)*

57. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

58. At all times relevant herein, Plaintiff had a right to film police activity without interfering with said activity as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

59. Upon information and belief, Defendants ROMAN and RICHARDSON used force against and falsely arrested Plaintiff in part or in whole as a punitive response to their belief that Plaintiff had been filming their unrelated detention of a man nearby.

60. The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

61. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force and/or failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Negligence)
(*Plaintiff against Defendant CITY, ROMAN, RICHARDSON, and DOES 1-50*)

62. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

63. At all times, Defendants ROMAN, RICHARDSON, and DOES 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

64. At all times, Defendants ROMAN, RICHARDSON, and DOES 1-50 owed Plaintiff the duty to act with reasonable care.

65. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. To refrain from employing excessive force;

   b. To refrain from falsely arresting Plaintiff;

   c. To refrain from abusing his/her/their authority granted him/her/them by law;

   d. To refuse form violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

66. Defendants ROMAN, RICHARDSON, and DOES 1-50, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

67. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

68. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(Plaintiff against Defendants CITY, ROMAN, RICHARDSON, and DOES 1-50)*

69. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

70. Plaintiff brings his "Bane Act" claim individually for direct violation of his own rights.

71. By their conduct described herein, Defendants ROMAN, RICHARDSON, and DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Right to be free from excessive force;

   b. Right to be free from false arrest.

72. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

73. Defendant CITY is vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents.

74. As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES
A.A.B. V. CITY OF PORTERVILLE, et al.

sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Battery)**
*(Plaintiff against Defendants CITY, ROMAN, RICHARDSON, and DOES 1-50)*

75. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

76. Defendants ROMAN, RICHARDSON, and DOES 1-50, while working as police officers for the PORTERVILLE POLICE DEPARTMENT and acting within the course and scope of his duties, intentionally attacked and injured Plaintiff without a lawful basis.

77. As a result of Defendants ROMAN, RICHARDSON, and DOES 1-50's use of excessive force, Plaintiff suffered physical and psychological injuries. Defendants ROMAN, RICHARDSON, and DOES 1-50 did not have legal justification for using this level of force against Plaintiff and Defendants ROMAN, RICHARDSON, and DOES 1-50's use of force while carrying out their law enforcement duties was an unreasonable use of force.

78. As a direct and proximate result of Defendants ROMAN, RICHARDSON, and DOES 1-50's battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### **JURY DEMAND**

79. Plaintiff hereby demands a jury trial in this action

## **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendants ROMAN and RICHARDSON in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); and as otherwise may be allowed by California and/or federal law;

5. Any and all permissible statutory damages;

6. For injunctive relief;

7. For the cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

Dated:  July 16, 2025                POINTER & BUELNA, LLP
                                     LAWYERS FOR THE PEOPLE

                                     /s/ Ty Clarke
                                     Ty Clarke
                                     Attorney for PLAINTIFF

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES
A.A.B. V. CITY OF PORTERVILLE, et al.