LONGYEAR, LAVRA & CAHILL, LLP
Nicole M. Cahill, CSB No. 287165
Eduardo Ruiz, CSB No.: 347316
555 University Avenue, Suite 280
Sacramento, CA 95825
Phone: 916-974-8500
Facsimile: 916-974-8510
Email: longyear@longyearlaw.com
       ruiz@longyearlaw.com

Attorneys for Defendants,
City of Porterville, Jake Castellow,
Joshua Roman and Robert Richardson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.B., a minor, by and through his Guardian Ad Litem, DNIEPER VEGAVILLALOBOS<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTERVILLE, a municipal corporation; JOSHUA ROMAN, in his individual capacity as a corporal for the Porterville Police Department; ROBERT RICHARDSON, in his individual capacity as a sergeant for the Porterville Police Department; JAKE CASTELLOW, in his individual capacity as the Chief of Police of the Porterville Police Department; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 1:25-CV-00261-EPG<br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW DEFENDANTS, City of Porterville, Jake Castellow, Joshua Roman and Robert Richardson and no others, ("Defendants"), and in answer to Plaintiff's Third Amended Complaint ("Complaint") admit, deny and allege as follows:

1. Answering the allegations contained in paragraphs 1-2, page 2 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that

ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

2. Answering the allegations contained in paragraphs 3-4, page 2 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

3. Answering the allegations contained in paragraph 5, pages 2-3 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

4. Answering the allegations contained in paragraph 6, page 3 of said Complaint, Defendants admit that jurisdiction is proper before this Court. As to the remaining allegations, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

5. Answering the allegations contained in paragraphs 7-8, page 3 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

6. Answering the allegations contained in paragraphs 9-12, page 3 of said Complaint, Defendants admit each and every, all and singular, generally and specifically, said allegations and the whole thereof.

7. Answering the allegations contained in paragraph 13, pages 3-4 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

///

8. Answering the allegations contained in paragraphs 14-16, page 4 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

9. Answering the allegations contained in paragraph 17, page 4 of said Complaint, Defendants admit each and every, all and singular, generally and specifically, said allegations and the whole thereof.

10. Answering the allegations contained in paragraphs 18-35, pages 4-8 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

11. Answering the allegations contained in paragraphs 36-44, pages 8-11 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

12. Answering the allegations contained in paragraph 45, page 12 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

13. Answering the allegations contained in paragraphs 46-48, page 12 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

14. Answering the allegations contained in paragraph 49, page 12 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

15. Answering the allegations contained in paragraphs 50-51, pages 12-13 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

16. Answering the allegations contained in paragraph 52, page 13 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

17. Answering the allegations contained in paragraphs 53-56, pages 13-14 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

18. Answering the allegations contained in paragraph 57, page 14 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

19. Answering the allegations contained in paragraphs 58-61, pages 14-15 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

20. Answering the allegations contained in paragraph 62, page 15 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

21. Answering the allegations contained in paragraphs 63-68, pages 15-16 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

22. Answering the allegations contained in paragraph 69, page 16 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

23. Answering the allegations contained in paragraphs 70-74, pages 16-17 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

24. Answering the allegations contained in paragraph 75, page 17 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

25. Answering the allegations contained in paragraphs 76-78, page 17 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

26. Answering the allegations

As separate and affirmative defenses, answering Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

That said Complaint fails to state a claim upon which relief can be granted.

/ / /

**SECOND AFFIRMATIVE DEFENSE**

That at all times herein mentioned the actions of Defendant law enforcement officers were reasonable and in good faith and as such they are entitled to qualified immunity.

**THIRD AFFIRMATIVE DEFENSE**

For all state law claims, the Plaintiff was contributorily negligent, that such negligence contributed to the incident and that Plaintiff's recovery should therefore either be barred or reduced to the extent of Plaintiff's negligence.

**FOURTH AFFIRMATIVE DEFENSE**

For all state law claims, this incident was caused by the negligence and/or fault of other persons, corporations, and entities including both parties and non-parties to this action whether named or not named and that Defendants' liability, if any, should be reduced accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

That at all times the Defendant law enforcement officers acted reasonably under the circumstances and the use of force was therefore privileged and authorized by law.

**SIXTH AFFIRMATIVE DEFENSE**

That the City is immune from state law claims pursuant to California Government Code Section 815.

**SEVENTH AFFIRMATIVE DEFENSE**

That the City is immune from state law claims pursuant to California Government Code Section 815.2.

**EIGHTH AFFIRMATIVE DEFENSE**

That the City is immune from state law claims for punitive damages pursuant to California Government Code Section 818.

**NINTH AFFIRMATIVE DEFENSE**

That the City is immune from state law claims for punitive damages pursuant to California Government Code Section 818.2.

/ / /

/ / /

### TENTH AFFIRMATIVE DEFENSE

That the individual Defendants are immune from state law claims pursuant to California Government Code Section 820.2.

### ELEVENTH AFFIRMATIVE DEFENSE

That the individual Defendants are immune from State law claims pursuant to California Government Code Section 820.8

### TWELFTH AFFIRMATIVE DEFENSE

That the individual Defendants are immune from state law claims pursuant to California Government Code Section 821.

WHEREFORE, said answering Defendants pray for relief as follows:

1. For judgment as against Plaintiff and in favor of Defendants;
2. That Plaintiff takes nothing by way of their Complaint;
3. For attorneys' fees and costs of suit incurred herein; and
4. For such other and further relief as the court may deem just and proper

Dated: August 29, 2025                LONGYEAR, LAVRA & CAHILL, LLP

By: /s/ Nicole M. Cahill
    NICOLE M. CAHILL
    EDUARDO RUIZ
    Attorneys for Defendants,
    City of Porterville, Jake Castellow,
    Joshua Roman and Robert Richardson

**DEMAND FOR JURY TRIAL**

Defendants City of Porterville, Jake Castellow, Joshua Roman and Robert Richardson hereby request a trial by jury.

Dated: August 29, 2025

LONGYEAR, LAVRA & CAHILL, LLP

By: /s/ Nicole M. Cahill
NICOLE M. CAHILL
EDUARDO RUIZ
Attorneys for Defendants,
City of Porterville, Jake Castellow,
Joshua Roman and Robert Richardson