UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

A.A.B., *a minor by and through his GAL, DNIEPER VEGAVILLALOBOS*,

Plaintiff,

v.

CITY OF PORTERVILLE, *et al.*,

Defendants.

Case No. 1:25-cv-00261-KES-EPG

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PETITION FOR APPROVAL OF MINOR'S SETTLEMENT BE GRANTED

(ECF No. 56)

## I. INTRODUCTION

Plaintiff A.A.B., a minor, proceeds through his guardian ad litem Dnieper Vegavillalobos in this civil action, bringing Federal and state claims following an incident where Defendant Porterville Police officers shoved and threw Plaintiff off his bike, shoved Plaintiff's head into the ground, and falsely arrested and detained Plaintiff. (ECF No. 1 at 4-5).

The parties have settled this case, and Plaintiff has filed a petition for the Court to approve the parties' settlement agreement. (ECF No. 56). Defendants did not file an opposition and the time to do so has passed.

Upon review, the Court will recommend that Plaintiff's petition be granted and the settlement be approved.

\\\

\\\

## II. BACKGROUND

Plaintiff filed his initial complaint on February 28, 2025. (ECF No. 1). The case proceeds with the Third Amended Complaint, filed on July 30, 2025. (ECF No. 35). On March 11, 2025, Dnieper Vegavillalobos, Plaintiff's pastor and family friend, was appointed as Plaintiff's Guardian Ad Litem. (ECF No. 11).

The Third Amended Complaint alleges the following claims: (1) excessive force in violation of the Fourth Amendment; (2) false detention/false arrest in violation of the Fourth Amendment; (3) Municipal Liability under *Monell;* (4) retaliatory arrest and force in violation of the First Amendment; (5) Negligence; (6) violation of the Bane Act; and (7) Battery. (ECF No. 35 at 12-17).

Plaintiff alleges the following: On November 28, 2024, Plaintiff, 13 years old, was riding his bicycle outside of his home with noise-cancelling headphones when he was approached by Defendant Roman, who shoved Plaintiff off the bicycle and threw him to the ground. (*Id.* at 5-6). Roman used his knee to pin Plaintiff and Defendant Richardson forced Plaintiff's head to the ground. (*Id.* at 6). Defendant Roman arrested Plaintiff, placed him in the patrol car and sent him to jail overnight on a charge of resisting arrest. (*Id.* at 7). At one point, Plaintiff was transported to Sierra View Medical Center to receive medical care for injuries suffered from the arrest. (*Id.*). Plaintiff suffered "psychological damage and traumatization" as a result. (*Id.*).

The parties participated in a settlement conference before Magistrate Judge Stanley A. Boone on January 26, 2026. (ECF Nos. 38, 47). The case was settled at the conference, all pending dates were vacated, and Plaintiff was ordered to file a motion for minor's compromise. (ECF No. 49). Plaintiff filed his petition for approval of the parties' settlement on June 30, 2026. (ECF No. 56). Defendants did not file an opposition to the petition.

## III. TERMS OF THE SETTLEMENT

Defendants agree to pay Plaintiff a total of $512,000 to resolve all his claims related to the events described in the operative complaint. (ECF No. 56 at 3). Plaintiff asks that this amount be disbursed as follows:

$125,471.09 in attorney's fees to his counsel

$9,473.06 for litigation costs (including defendants' deposition, court filing, and retention of a pediatric psychology expert)

$1,785.85 for a Medi-Cal lien to be reimbursed from the settlement proceeds

$375,000 (*i.e.* the remaining balance of the settlement) for the purchase of a tax-free structured settlement annuity policy

(ECF No. 56 at 3-4).

## IV. LEGAL STANDARDS

Local Rule 202 governs cases involving a minor. Beginning with the requirement for a representative, it states, in relevant part:

> **(a) Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . , the attorney representing the minor . . . shall present (1) appropriate evidence of the appointment of a representative for the minor . . . under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor . . . . See Fed. R. Civ. P. 17(c).

Local Rule 202(a).

Regarding a minor's settled claims, the Local Rule provides as follows:

> **(b) Settlement.** No claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> **(2) Approval in All Other Actions.** In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

Local Rule 202(b)(2).

Further, there is a separate requirement for an attorney to disclose their interests:

> **(c) Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any

> relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

Lastly, there is a provision regarding the disbursement of funds to a minor.

> **(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor . . . , the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Local Rule 202(e).

Federal Rule of Civil Procedure 17 also imposes on district courts a special duty to safeguard the interests of minor persons, providing that a "court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *see Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (discussing special duty in context of minors).

In the context of proposed settlements in suits involving minor persons, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

## V. DISCUSSION

### a. Local Rules

The Court begins with the requirements under its Local Rules.

Consistent with Local Rule 202(a), Plaintiff's pastor and family friend, Dnieper Vegavillalobos, has already been appointed as his guardian ad litem. (ECF No. 7 at 3).

Turning to Local Rule 202(b)(2), the petition indicates that Plaintiff is 15 years old and a male. (ECF No. 56 at 4). As for the nature of the causes of action being settled, the petition and settlement agreement note that all claims raised in the complaint—the § 1983 and state law claims—are being settled. (ECF No. 56-1 at 3). The motion summarizes the material facts noted above from the operative complaint, which are summarized above. (ECF No. 26 at 2).

As for the manner in which the compromise amount or other consideration was

determined, the petition states that the parties settled the case following a settlement conference before Magistrate Judge Stanley A. Boone. Plaintiff explains the consideration given as follows:

> This settlement is also in Plaintiff's best interests because it eliminates any risk of taking the case to trial, in which Plaintiff would be at risk of a jury finding in favor of the Defendants and thus receiving no recovery at all.
>
> Plaintiff's gross recovery of $512,000 and net recovery of $375,000 are in line and indeed exceed the recovery of minor plaintiffs in other similar cases. See, e.g., Lopez v. County of Kern, 2010 WL 3213646 (E.D. Cal. April 28, 2010) (where the minor plaintiff received a gross settlement of $20,000 and a net recovery of $11,436 in a case in which he suffered a broken wrist as a result of the defendant deputies' alleged use of excessive force); see also, Dumas v. City of Elk Grove 2012 WL 3610717 (E.D. Cal. 2012) (where minor plaintiffs who suffered emotional distress upon seeing their mother be pushed to the ground by an officer had a gross recovery of $25,000 each)

(ECF No. 56 at 6).

Plaintiff requests that his $512,000 settlement amount be disbursed in the following manner: $125,471.09 in attorney's fees; $9,473.06 for litigation costs; $1,785.85 for his Medi-Cal lien; and the remaining balance of $375,000 for the purchase of a tax-free structured settlement annuity policy with Prudential Assigned Settlement Services Corporation (PASSCorp). (*Id.* at 3).

Moreover, as it was alleged Plaintiff suffered an injury and received medical attention, the motion addresses the nature of Plaintiff's injuries, stating that "Plaintiff suffered facial abrasions and diagnosed PTSD as a result of the Defendants' uses of force." (ECF No. 56 at 2). Further, "Plaintiff's physical injuries were resolved shortly after the incident, but he continues to go to therapy for treatment of the emotional distress related to the incident. However, he does not take and was not prescribed any psychiatric medicines." (*Id.* at 2).

As for the disclosure of attorney's interest under Local Rule 202(c), Attorney Ty Clarke previously provided a declaration, stating as follows:

> (1) "Our office has been retained by Plaintiff A.A.B.'s mother and father to represent Plaintiff A.A.B.";
> (2) "Pointer & Buelna, LLP – Lawyers for the People became involved in this case when Plaintiff A.A.B.'s parents contacted our office via telephone to seek representation for Plaintiff A.A.B.";
> (3) counsel has no known relation to the Defendants; and
> (4) "Pointer & Buelna, LLP – Lawyers for the People has been retained by Plaintiff A.A.B.'s parents to represent Plaintiff A.A.B. on a contingency basis. Our office has not received any compensation for this representation."

(ECF No. 11 at 2).

Upon review, Plaintiff's petition satisfies the requirements of the Court's Local Rules.

**B. Fairness and Reasonableness**

The Court now considers whether the $512,000 settlement "is fair and reasonable in light of the facts of the case, [Plaintiff's] claims, and typical recovery by [other] plaintiffs in similar cases." *Robidoux*, 638 F.3d at 1182.

As noted above, Plaintiff's counsel and Plaintiff each stated that they believe the settlement to be fair and reasonable. Further, all parties were represented by counsel at the settlement conference, and the resulting agreement was reached after arms-length negotiations before a Magistrate Judge.

Moreover, the settlement amount—including the $375,000 allocated for Plaintiff—is fair and reasonable in light of the relatively minor physical and emotional injuries.

After considering all the circumstances in this case, the Court will recommend that the parties' settlement be deemed fair and reasonable.

**C. Disbursement of Funds**

**1. Plaintiff's share**

Plaintiff will receive $375,000 from the settlement as his share. As noted above, Local Rule 202(e) requires settlement funds to be disbursed pursuant to state law or "such other order as the Court deems proper for the protection of the minor." California law provides multiple ways to distribute settlement funds, either where there is a guardian of the estate of a minor or not.

In the petition, Plaintiff asks that his share of the settlement be used to:

> …arrange for the purchase of a tax-free structured settlement annuity policy from the Prudential Assigned Settlement ServicesCorporation (PASSCorp), through Horacio Lleverino, of Settlement Planners, Inc. in the sum of $375,000.00.
>
> Upon receipt of the settlement funds of $375,000, PASSCorp will purchase a structured settlement annuity for $375,000.00 through The Prudential Insurance Company of America which is rated A+ (Superior) Financial Size XV through A.M. Best.

(ECF No. 56 at 3). Additionally, the annuity will provide periodic payments made by Prudential to Plaintiff on the following schedule:

> Guaranteed Lump Sum Payment of $138,250.00 on 3/14/2029 (Plaintiff's 18th birthday)
> Guaranteed Lump Sum Payment of $138,250.00 on 3/14/2033 (Plaintiff's 22nd birthday)

Guaranteed Lump Sum Payment of $138,250.00 on 3/14/2036 (Plaintiff's 25th birthday)
Guaranteed Lump Sum Payment of $138,250.00 on 3/14/2041 (Plaintiff's 30th birthday)

(*Id.*at 4). Over the life of the annuity, Plaintiff will receive a total of $553,000. (*Id.*).

Upon consideration, the Court finds that the proposed distribution of Plaintiff's funds is proper under California law and thus complies with Local Rule 202(e).

**2. Attorney's fees and costs**

Plaintiff's counsel seeks $125,741.09 in attorney's fees from the $512,000 settlement (*i.e.*, about 25% of it).

When evaluating the reasonableness of the amount of attorney's fees, "[t]ypically, courts in the Eastern District of California consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors." *B.R.L. by & through Lara v. Clinica Sierra Vista*, No. 1:21-CV-01445-JLT-CDB, 2024 WL 4502142, at *3 (E.D. Cal. Oct. 16, 2024), *report and recommendation adopted*, 2024 WL 4753989 (E.D. Cal. Nov. 12, 2024). Moreover, a reasonable fee can be determined by referencing the so-called "lodestar method," which is obtained "by multiplying the number of hours reasonably spent by a reasonable hourly rate." *William Leung v. China S. Airlines Co. Ltd.*, No. CV 19-00681 PA (SKX), 2019 WL 13078615, at *2 (C.D. Cal. Dec. 19, 2019) (addressing motion for approval of incompetent person's settlement).

With these standards in mind, counsel seeks approximately 25% of the gross settlement amount. As an initial matter, the Court notes that counsel agreed to reduce their attorney fees from $128,000 (25% of the gross settlement) to $125,741.09 (24.9% of the gross settlement) in order to "maximize Plaintiff's recovery." (ECF No. 56 at 3).

This amount is in line with the 25% benchmark, which is typical for Courts in the Eastern District to award contingency cases involving minors. *See Chance v. Prudential Ins. Co. of Am.*, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (compiling cases); *Sykes v. Shea*, 2018 WL 2335774, at *1 (E.D. Cal. 2018) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors.") (internal quotations omitted); *Patino v. County of Merced*, 2020 WL 6044039, at *6 (E.D. Cal. Oct. 13, 2020) ("Attorneys' fees in the amount of twenty-give percent (25%) are the

typical benchmark in contingency cases for minors.")

Here, counsel was able to obtain substantial settlement for Plaintiff when compared to similar cases involving similar injuries. Thus, counsel performed satisfactorily in this case.

Counsel has not represented the amount of hours spent on this case, so the Court is unable to approximate an hourly rate that may be reasonable. However, as discussed above, the amount requested in attorney's fees is within the 25% benchmark utilized within the Eastern District and does not appear excessive.

Thus, the Court concludes that the attorney's fees sought by counsel are fair and reasonable. As such, the Court will recommend that Plaintiff's counsel be awarded the full $125,741.09 sought, along with $9,473.06 in costs and $1,785.85 to satisfy the Medi-Cal lien, which expenses are reasonable.

## VI. FINDINGS AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. The petition for approval of minor's settlement (ECF No. 56) be granted.
2. The gross settlement between Defendants and Plaintiff of $512,000 be approved.
3. The settlement amount be apportioned as follows:
    a. Attorney's fees of $125,741.09 to Plaintiff's counsel;
    b. Litigation costs of $9,473.06 to Plaintiff's counsel;
    c. Medi-Cal lien of $1,785.85 to be satisfied by Plaintiff's counsel;
    d. The remainder of $375,000 to purchase a structured settlement annuity through PASSCorp subject to withdrawal based on the periodic payment plan outlined in the motion and this order.
4. Defendant be directed to pay the settlement amount to Plaintiff's counsel within 30 days of the final ruling on the motion.
5. Plaintiff's counsel be directed to allocate the settlement amounts as set forth in this order no later than 5 days from receipt of payment. And Plaintiff's counsel be directed to file proof of the purchase of the annuity with PASSCORP no later than ten days after said purchase of the annuity.
6. The parties be ordered to submit an appropriate dispositional document within 30 days of

the final ruling on the motion.[1]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 16, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are reminded of their option to consent to the undersigned presiding over this case by using the forms previously provided to them; however, they are free with withhold consent without adverse substantive consequences. (*See* ECF No. 2-2). If the parties do consent, the Court will issue a direct order consistent with these findings and recommendations.